## Clearfield Borough v. Rider

*John M. Urey*, borough solicitor, for plaintiff; *Carl A. Belin*, for defendant.

CHASE, P. J., July 13, 1931.—This issue is before the court on certiorari from summary conviction of the defendant for alleged violation of various ordinances and amendments thereto of Clearfield Borough, dealing with the subject of the regulation of the removal of garbage and rubbish.

The facts are that James W. Rider was conveying garbage and rubbish over the streets of Clearfield Borough without having secured a license, and was fined by the justice of the peace for so doing upon complaint of the chief of police, for violating the ordinance pertaining to the removal of garbage. It is conceded that the defendant did violate the said ordinance, but it is contended that the ordinance is discriminatory, unreasonable and unconstitutional, for the reason that the ordinance provides for issuing a general license to only one

person at a special license or fee, for the removal of garbage and rubbish, to the prohibition of all others, even though there was compliance with the regulation.

This defendant stood ready to meet all requirements as to the character and kind of conveyance to be used, and offered to furnish a bond and pay the license provided for, but was refused a license because the privilege had been granted another.

There are several technical objections raised by both sides to this controversy as to the legal steps taken from apprehension of the defendant up to the argument of the issue before the court, none of which have merit or need be discussed.

As to the contention that the ordinance is discriminatory, and violates the Constitution for that reason, it may be conceded that it is discriminatory, as are most regulations dealing with the subject of garbage, but the law recognizes the necessity, in order to properly guard the health of the public, that it is a permissible discrimination and does not fall within the prohibitory class provided against in the Constitution.

As to the regulation or ordinance being unreasonable, if dealing with the ordinary private or public affairs in life, it would be so, but in dealing with the subject involved in this issue, "garbage," it is not. Many instances and subjects regulating the health, safety and welfare of the citizens require giving up certain privileges and ordinary rights on the part of an individual for the benefit and protection of society, which privileges and rights of the individual the law ordinarily zealously protects.

The principle herein involved is not a new one and not free from complexities. The issue being one wherein the so-called rights of the individual and the rights of the public conflict, one must give way to the other, and the controversy could not lightly be determined. It finally reached the Supreme Court of the United States, and that court has held that the protection of the public health is paramount to the individual right, saying: "Persons and property are subject to all kinds of restraints and burdens in order to secure the general comfort, health and general prosperity of the state," and holding that where regulations are required to carry out the police powers in promoting the general welfare, the courts will not strike them down upon grounds merely of public policy or expediency: California Reduction Co. v. Sanitary Reduction Works, 199 U. S. 306.

A municipality's possession of the power to regulate the collection and removal of garbage implies a duty to exercise it, and the municipality is the judge of the method of regulating the same: Serencse v. Filbert et al., 29 Dist. R. 190.

Although the defendant has always been ready and willing to comply with the borough ordinance as to the kind and character of vehicle to be used in transportation, and had some months previously tendered the license fee of $50, and was prepared to give the bond required for such license, it is clear that the borough has a legal right to give the exclusive general haulage rights to whom it may choose to the exclusion of all others, which right will only be interfered with by the courts when fraud or corruption is shown in the granting of the special privilege. The court is, therefore, constrained to dismiss the certiorari, with the suggestion that the law does not prevent the justice of the peace from remitting the fine imposed.

Now, July 13, 1931, certiorari dismissed, judgment of the justice of the peace affirmed, with the right to remit fine imposed. Exceptions noted. Bill sealed to the defendant.